UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
                                                 :
UNITED STATES OF AMERICA        :
                                                 :
     - v. -                                      :          **Protective Order**
                                                 :
EDWARD D. MULLINS,               :          22 Cr. 120 (JGK)
                                                 :
                  Defendant.      :
                                                   :
------------------------------- x

The Honorable John G. Koeltl, District Judge:

        On the motion of the United States of America, by Damian Williams, United States Attorney, through his counsel, Alexandra Rothman, David Robles, and Andrew Rohrbach, Assistant United States Attorneys (the "Government"), pursuant to Federal Rule of Criminal Procedure 16(d), with the consent of the defendant, Edward D. Mullins, through his defense counsel, and for good cause shown, the Court hereby finds and orders as follows:

        1.    With the exception of publicly available documents and documents contained in the defendant's own electronic devices and accounts, and without limiting the defendant's rights under the United States Constitution or the Federal Rules of Criminal Procedure other than as expressly set forth in this Order, all materials, including documents, objects and information, including electronically stored information, that are provided by the Government to the defendant in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; *Brady v. Maryland*; or *Giglio v. United States*, are considered "Protected Information" unless otherwise indicated by the Government.

2. Protected Information disclosed to the defendant or to his counsel in this case during the course of proceedings in this action, which includes materials affecting the privacy, confidentiality, and business interests of individuals and entities:

    a. Shall be used by the defendant and his counsel only for purposes of defending this criminal action;

    b. Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(c) below; and

    c. May be disclosed by the defendant or his counsel in this action only to the following persons (hereinafter "Designated Persons"):

        i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by defense counsel;

        ii. expert witnesses, investigators, advisors, consultants and vendors retained or consulted by defendant and/or his counsel in connection with this action;

        iii. prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for the purposes of the criminal proceedings in this case; and

        iv. such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon the defendant's motion.

3. Protected Information disclosed to the defendant or his counsel during the course of proceedings in this action, including any and all copies made of said material, shall, at the conclusion of this matter, either be returned to the Government or shredded and destroyed. This matter will be concluded upon expiration of either the conclusion of any litigation related to

2

the above-captioned case, including direct appeal and interlocutory appeal, or dismissal of the charges against the defendant.

4. The defendant or his counsel shall provide a copy of this Order to each Designated Person to whom materials subject to the protections of this Order are disclosed pursuant to paragraph 2 above. Designated Persons shall be subject to this Order, and may not disclose Protected Information to any third party.

5. The defendant, defense counsel, and Designated Persons shall not disclose Protected Information to members of the media, nor shall they post any Protected Information on any Internet or network site (such as Facebook, Twitter, Instagram, and other social networking and media sites and applications) to which persons other than the defendant, defense counsel, and Designated Persons have access.

6. The provisions of this Order shall not be construed as preventing the disclosure of any Protected Information in any motion, hearing or trial held in this action, or to any district or magistrate judge of this Court or Court personnel for purposes of this action.

7. The Government may at any time during the pendency of this proceeding designate materials, including documents, objects and information, including electronically stored information, constituting Protected Information as "Highly Confidential," when, in the good faith determination of the Government, disclosure of such materials is prohibited by statute or regulation or otherwise is not in the public interest. The defendant and defense counsel will not attach any materials designated Highly Confidential pursuant to this Order to any public filings with the Court or publicly disclose, other than at trial, any such materials, or their contents in any other manner, without either giving prior notice to the Government or seeking an Order of the Court permitting the use of the materials.

3

8. Defense counsel may challenge at any time the Government's designation of materials as Protected Information or Highly Confidential. If any dispute should arise between the parties to this action as to whether any documents, materials or other information is Protected Information or Highly Confidential subject to the provisions of this Order, such documents, materials and information shall be considered Protected Information or, if so designated pursuant to paragraph 7, Highly Confidential, pending further Order of this Court.

9. The terms of this Order shall not apply to materials, including documents, objects, data, or information received by the defendant or defense counsel from a source other than the Government. To the extent that the Government's discovery contains materials and information that are also publicly available, not as the result of any violation of this Order, nothing in this Order shall restrict the use of such publicly available materials.

10. Nothing in this Order shall preclude defense counsel at any time from entering into an agreement with the Government, and/or seeking an order from this Court, excluding certain specified discovery materials from the scope of this Order.

Dated: New York, New York
       March 16, 2022

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

4