UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

      – against –              22-cr-120 (JGK)

EDWARD D. MULLINS,             ORDER
             Defendant.

JOHN G. KOELTL, District Judge:

    The Court has received the attached letter from the New York Times dated February 7, 2023, seeking the unsealing of various sealed documents in this case. The parties should respond to the request by **February 21, 2023.** The Times may respond by **February 27, 2023.**

    The Court notes that it represented The Times in private practice and generally disqualifies itself in cases in which The Times is a party. Because The Times is not a party in this case, the Court sees no reason to disqualify itself in connection with this application, but brings the matter to the parties' attention.

**SO ORDERED.**

Dated:     New York, New York
           February 10, 2023

                            John G. Koeltl
                 United States District Judge



The New York Times
Company



Dana Green
Senior Counsel

T 212 556 5290
Dana.green@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

February 7, 2023

**VIA FEDERAL EXPRESS**

The Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *United States v. Mullins*, No. 1:22-cr-00120-JGK

Dear Judge Koeltl:

  I write on behalf of The New York Times Company ("The Times") to seek an order unsealing materials related to searches conducted in the above-referenced case, *United States v. Mullins*. Specifically, The Times requests that the Court unseal copies of the search warrants, search warrant applications, supporting affidavits, court orders, and returns on executed warrants related to searches of the property of Edward Mullins, Vincent Vallelong, Theresa Ashton, Dennis Ostermann, Paul Capotosto, and the Sergeants Police Benevolent Association ("SBA") (the "Records"). We further request that the Court review and make appropriately available to the public any other sealed records in this case. We make this request pursuant to the public's right of access to judicial records, grounded in both the federal common law and the First Amendment.

  1. The Common Law Right of Access Requires Unsealing

  The Second Circuit and other federal appellate courts have held that the common law public right of access applies to search warrant materials. *See, e.g.*, *In re Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990) (affirming unsealing search warrant affidavit based on common law right of access); *In re Boston Herald, Inc.*, 321 F.3d 174, 194 n.9 (1st Cir. 2003); *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011).

Courts within the Circuit have explained that the presumption of access to warrant materials in concluded cases is not lightly set aside. This is because the materials "go to the heart of the judicial function": they inform the court's decision to grant a search warrant, which in turn affects individuals' constitutional rights. *In re Search Warrant*, 2016 WL 7339113, at *3 (S.D.N.Y. Dec. 19, 2016); *see also United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 584 (S.D.N.Y. 2009); *In re Sealed Search Warrants Issued June 4 & 5, 2008*, 2008 WL 5667021, at *3 (N.D.N.Y. July 14, 2008) (documents filed in connection with a search warrant "adjudicated the right of individuals under the Fourth Amendment not to be subjected to government intrusion absent a judicial determination of sufficient cause," a right "held among this country's highest values"). The result is that the presumption of access to search warrant materials carries "the maximum possible weight." *In re Sealed Search Warrants Issued June 4 & 5, 2008*, 2008 WL 5667021, at *3 (N.D.N.Y. July 14, 2008).

In addition, there is a particular value to public openness in this case. The Records sought here relate to the prosecution of Edward Mullins, the former President of the SBA, the union that represents all current and former Sergeants of the New York City Police Department. In that position, Mullins exercised significant influence within the NYPD and City government. Yet prosecutors allege — and Mullins admitted in his guilty plea — that he abused his position to steal hundreds of thousands of dollars, a crime to which he has now pleaded guilty. In a case that concerns admitted deceit and abuse of power by an influential figure in law enforcement, the public has a particularly strong interest in transparency and democratic oversight of the investigation and prosecution of those crimes.

The Records therefore must be released unless countervailing interests require withholding. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Countervailing interests that have at times overcome the presumption of access include "the danger of impairing law enforcement or judicial efficiency" or "the privacy interests of those resisting disclosure." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016). Neither factor appears to have weight here: the investigation apparently has concluded, Mr. Mullins has already pleaded guilty, and the records concern fraud and corruption, rather than personal or intimate matters. To the extent these interests are implicated, targeted redaction is the appropriate remedy. *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995); *United States v. Cohen*, 366 F. Supp. 3d 612, 634 (S.D.N.Y. 2019)

2

2.  The First Amendment Requires Unsealing

The sealed Records also are subject to a First Amendment right of access. The right attaches to a large array of judicial records and gives the public a constitutional right to inspect those records, absent a showing of an overriding public interest that justifies sealing. *See, e.g., Lugosch*, 435 F.3d at 124 (common law and constitutional right to judicial documents in civil case); *United States v. Suarez*, 880 F.2d 626, 630 (2d Cir. 1989) (First Amendment right to documents in a criminal case).

While the Second Circuit has not yet considered the issue, a number of courts have concluded that a First Amendment right of access attaches specifically to search warrant materials. *See, e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988); *United States v. Loughner*, 769 F. Supp. 2d 1188, 1193 (D. Ariz. 2011); *In the Matter of the Application of The New York Times Company For Access to Certain Sealed Court Records*, 585 F. Supp. 2d 83, 94 (D.D.C. 2008).

For the same reasons set forth above in respect to the common law right, the First Amendment right of access to the Records is not overcome in this case. Where the First Amendment applies, it can be "overcome only by an overriding interest based on finding that [sealing] is essential to preserve higher values and is narrowly tailored to serve the interest." *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984). That is a heavier burden than the one imposed by the common law. *Lugosch*, 435 F.3d at 126.

For all of the foregoing reasons, The Times respectfully requests that the Records be made public. Should any party object to unsealing, The Times respectfully requests an opportunity to reply and otherwise be heard.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Dana Green

3