

Dana Green
Senior Counsel

T 212 556 5290
Dana.green@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

February 27, 2023

**VIA ECF**

The Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   <u>United States v. Mullins</u>, No. 1:22-cr-00120-JGK

Dear Judge Koeltl:

   I write on behalf of The New York Times Company ("The Times") in further support of The Times's request to unseal certain materials in this case. Dkt. 41. Specifically, The Times requests that the Court unseal copies of the search warrants, search warrant applications, supporting affidavits, court orders, and returns on executed warrants related to searches of the property of Edward Mullins, Vincent Vallelong, Theresa Ashton, Dennis Ostermann, Paul Capotosto, and the Sergeants Police Benevolent Association ("SBA") (the "Records").[1]

   The defendant in this matter, Edward D. Mullins, does not oppose unsealing. Dkt. 44. The Government consents to the unsealing of the search warrants and returns on executed warrants for the October 2021 searches of the SBA headquarters, Mullins's home, and Mullins's cellphones. Dkt. 45 at 1. However, the Government objects to the unsealing of any other sealed records in this matter (the "Sealed Materials"). *Id*.

---

[1] The Times also requests that the Court review and make appropriately available to the public any other sealed records in this case, to the extent that they may exist. Dkt. 41 at 2.

1. The Government's Undocketed, *Ex Parte* Submission Deprives <u>The Times of a Meaningful Opportunity to Respond</u>

In support of its opposition to unsealing, the Government apparently has submitted to this Court an undocketed, *ex parte* "additional letter setting forth, in greater detail, the basis for the continued sealing of these materials." *Id.* at n.1. Such submissions are strongly disfavored for the obvious reason that they "deprive one party to a proceeding of a full opportunity to be heard on an issue." *In re John Doe Corp.*, 675 F.2d 482, 490 (2d Cir. 1982). Consequently, *ex parte* submissions are permitted only where a compelling government interest justifies such a deprivation. *Id.* at 486, 490 (affirming as proper *ex parte* submission where government sought permission and court determined that a compelling interest justified in camera examination of the materials).

While the Sealed Materials themselves may properly be subject to *ex parte* review because their disclosure would moot the very issue under consideration, it is unclear why the Government's arguments cannot be disclosed even in redacted form. The Times respectfully requests that the Court review and make a determination on the record whether compelling government interests truly justify such a submission, prior to considering the Government's *ex parte* letter.[2]

2. <u>The Common Law Right of Access Requires Unsealing</u>

The Government does not dispute that there is a well-established common law right of public access to the Sealed Materials. *See* Dkt. 41 at 2-3 (collecting cases). However, the Government argues that this strong presumption is outweighed here by two government interests. Neither justifies continued sealing.

---

[2] The Times also respectfully requests that the *ex parte* submission be recorded on the docket. *See Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 95-96 (2d Cir. 2004) (finding First Amendment right of access to docket entries and citing with approval *United States v. Valenti*, 987 F.2d 708, 715 (11th Cir. 1993), in which the court held unconstitutional a practice of not docketing *in camera* motions).

      a. The Records are Unlikely to Implicate Sensitive Law Enforcement Techniques

First, the Government argues that all of the remaining Sealed Materials "should remain under seal in order to preserve the integrity of sensitive law enforcement techniques." Dkt. 45 at 2. The Government does not identify those "sensitive" techniques or how disclosure would impair them. And it is hard to see how this matter would implicate such concerns: the case concerns phony expense reports, not terrorism or cybercrime. It is also unclear why those concerns could not be resolved through redaction.

      b. Any Privacy Interests are Limited

Second, the Government argues that the strong presumption of public access is outweighed by "the privacy interests of third parties who were not charged in this case." Dkt. 45 at 2. No further explanation is given in the Government's public filings. This kind of assertion of "generalized 'privacy interests' is insufficient to overcome the right of access. *See, e.g., Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 170 (S.D.N.Y. 2018).

The Second Circuit has held that where the privacy of third parties is at issue, courts should consider (1) whether the subject matter is traditionally considered private rather than public; (2) the nature and degree of injury resulting from disclosure; and (3) the reliability of the information contained in the record. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Here, each of these factors weighs in favor of the public's right of access.

      i. The Subject Matter is Not Traditionally Private

First, the Mullins investigation concerns financial fraud and mismanagement at a police union, not records of a personal or intimate nature. *See id.* (private subject matter includes "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters.").

The third parties at issue here held or hold prominent positions within the union and are or were serving members of law enforcement: Vincent Vallelong is now the President of the SBA; Theresa Ashton its Head of Administration; Dennis Ostermann is its Controller; and Paul Capotosto was the SBA's Treasurer at the time of Mullins' fraud. As public servants and leaders of a union with fiduciary duties to its

3

members, these individuals should have expected public scrutiny of their work, further diminishing any privacy interests in the Sealed Materials.

The Second Circuit in *Amodeo* emphasized just this point, in a case concerning public access to a sealed investigative report into corruption within an AFL-CIO union. The union's long-time law firm opposed unsealing on the basis that it would harm its privacy interests:

> The expectation of privacy concerning such matters is diminished because the clients are representative institutions with legal and ethical obligations to the membership at large. The subject matter -- [the lawyers'] conduct in the face of criminal elements in the union leadership -- thus is such that the firm might reasonably have expected some public scrutiny. Indeed, a precedent stating that such matters may not as a matter of law be disclosed would not create desirable incentives.

*Id.* at 1053.

c. The Government Does Not Show That Harm Would Attach

Second, it already has been publicly disclosed that Vallelong, Capotosto, Ostermann, and Ashton were "subject targets" of search warrants. *See, e.g.*, Rocco Parascandola and Graham Rayman, *NYPD sergeants union president Vincent Vallelong named as 'target subject' in Ed Mullins investigation*, N.Y. Daily News (Mar. 12, 2022). Indeed, it appears that some of the Sealed Materials already have been disclosed to the media. *Id.* And prosecutors made public statements alleging that Capotosto failed to exercise appropriate financial oversight as Treasurer, forcing his resignation. *See, e.g.*, Sandy Malone, *Feds Say Ex-NYPD Union Boss Bilked Members With Fraudulent Expenses, Had 2 Sets Of Books*, Police Tribune (Mar 2, 2022).

To the extent that there is a stigma to being the subject of a criminal investigation or associated with Mullins's crimes, it already has attached. These prior public disclosures about the investigation factor against finding that a privacy interest exists. *See, e.g.*, *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (extent of public knowledge of sealed material factors into a court's decision to grant access).

To the extent that the Sealed Materials contain truly personal information of no value to public oversight—such as birth dates, social security numbers, etc.—the appropriate remedy is redaction, not wholesale

4

sealing. *See, e.g., id.* (vacating and remanding where "wholesale sealing" was more extensive than necessary to address "the privacy interests of third parties").

        d.   The Nature of the Records Supports Unsealing

Third, the nature of the records at issue weighs in favor of disclosure. At issue are search warrants, search warrant applications, supporting sworn affidavits, court orders, and returns on executed warrants. It would be surprising and of significant public concern if such affidavits and submissions were *not* based on reliable information, given the Fourth Amendment interests at stake. This is distinct from, for example, the report at issue in *Amodeo*, which included "hearsay" and unsworn allegations "of doubtful veracity" possibly motivated by personal disputes. 71 F.3d at 1052.

The public right of access arguably is at its strongest in a case such as this, where a member of law enforcement engaged in fraud and abuse of power. The public has a legitimate and vital interest in in ensuring that the criminal justice system handled such crimes with the same impartiality as any other case. In our democratic system, the answer to the question "who will guard the guards?" is "The public," through the very rights of access that The Times seeks to exercise here.

For all of the foregoing reasons, The Times respectfully requests that the Sealed Materials be made public. We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Dana Green*

Dana Green