UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Judgment Creditor,

      v.

EDWARD MULLINS,

                Judgment Debtor,

      and

NEW YORK CITY POLICE PENSION FUND,
SERGEANTS BENEVOLENT ASSOCIATION
ANNUITY FUND, JOHN HANCOCK, AND
MET LIFE,

                Garnishees.

22 Cr. 120 (JGK)

**PROPOSED FINAL ORDER OF GARNISHMENT**

      WHEREAS, upon the conviction of the defendant, EDWARD MULLINS, for wire fraud, to secure payment of the restitution in the full amount of the crime victim's loss, which is mandatory for the offense of conviction, the United States sought, obtained, and served pre-judgment writs of garnishment on the New York City Police Pension Fund, Sergeants Benevolent Association Annuity Fund, John Hancock, and MetLife for substantial nonexempt property belonging to or due the defendant (Dkt. 42);

      WHEREAS, garnishee the New York City Police Pension Fund ("NYCPPF") answered that it has in its possession, custody, or control gross monthly pension benefits in the amount of $10,440.27 plus a yearly Variable Supplements Fund ("VSF") gross benefit of $12,000. Neither of these benefits is subject to state or local tax, but both are subject to federal tax. Mullins has elected to have $1,764.66 in federal tax withheld from his gross monthly pension, making his disposable monthly pension $8,675.61. Mullins has also elected to have $2,193.29 in federal tax

Final Order of Garnishment - Page 1

withheld from his annual VSF benefit, making his disposable yearly VSF payment $9,806.71. The NYCPPF began withholding 25% of Mullins' disposable monthly pension payment in February 2023, which is the nonexempt portion under federal law (Dkt. 59);

WHEREAS, garnishee the Sergeants Benevolent Association Annuity Fund ("SBAAF") answered that it has in its control a retirement account held by John Hancock for Mullins with an approximate value of $380,587.65 subject to market fluctuation in its possession, custody, or control (Dkt. 58);

WHEREAS, garnishee John Hancock answered that it has in its possession or custody a group annuity contract ending in 1905 subject to the SBAAF's control (Dkt. 50);

WHEREAS, garnishee MetLife answered that it has in its possession, custody, or control two whole life insurance policies ending in 5885A and 5886A, each with a maximum loan value of $4,866 subject to market fluctuation (Dkt. 57);

WHEREAS, counsel for the United States served the garnishment process on counsel for the judgment debtor (Dkt. 42) on February 14, 2023;

WHEREAS, the parties received each garnishee's answer via the Court's Case Management and Electronic Filing System (Dkts. 50, 57-59);

WHEREAS, Mullins has neither claimed an exemption nor requested a hearing or objected to any garnishee's answer, and the statutory time-period in 28 U.S.C. §§ 3101(d), 3202(d) and 3205(c)(5) to do so has expired;

WHEREAS, pursuant to 18 U.S.C. § 3613, upon entry of judgment, a lien arises in favor of the United States on all property and rights to property of the defendant;

WHEREAS, pursuant to the Crime Victim Rights Act, 18 U.S.C. § 3771(a)(6), the victim of Mullins' crime has the right to full and timely restitution as provided in law;

WHEREAS, the law provides that the United States may use all available and reasonable means to collect restitution, 18 U.S.C. § 3664(m)(1)(A); and

WHEREAS, Mullins owes $600,000 in restitution to the victim of his crime;

IT IS HEREBY ORDERED that garnishees SBAAF and JOHN HANCOCK shall now liquidate securities in the annuity contract number ending in 1905 belonging to EDWARD MULLINS as needed to pay the full liquidated value of his retirement fund, less any deductions required by law, with no withdrawal penalty, to the Clerk of Court toward the outstanding restitution. *See United States v. Irving*, 4452 F.3d 110, 126 (2d Cir. 2006) (MVRA permits the government to garnish assets held in a retirement account, including an IRA, to satisfy a restitution order); and *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal);

IT IS FURTHER ORDERED that garnishee METLIFE shall now liquidate securities as needed to pay the maximum loan amounts available from in the whole life insurance policy numbers ending in 5885A and 5886A belonging to EDWARD MULLINS to the Clerk of Court for restitution. *See United States v. Bess*, 357 U.S. 51, 56-57 (1958) (cash surrender value of life insurance policies are insured's property or rights to property to which federal lien attaches); *United States v. Minneman*, 38 F. App'x. 321, 323 (7th Cir. 2002) (cash value and any proceeds from life insurance is not exempt from garnishment for restitution); and

IT IS FURTHER ORDERED that garnishee NYCPPF shall now pay to the Clerk of Court the nonexempt property it has in its possession, custody, or control belonging or due and owing to EDWARD MULLINS, namely 25% of his disposable monthly and yearly benefits until further order, as his nonexempt earnings. *See* 18 U.S.C. § 3613(a)(3).

Payments should be made to "Clerk of Court" with "No. 22 CR 120" written on the face of the payment mailed or delivered to the United States District Court, 500 Pearl Street, Room 120, New York, New York 10007, Attn: Cashier.

Dated: New York, New York
~~August~~, 2023
October 10, 2023

HON. JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE